Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge
Dated: Tuesday, June 13, 2006 9:04:52 AM

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:                                         )
                                               )
CHARLES EDWARDS ENTERPRISES, INC.   )   CASE NO. 05-6024
                                               )
          Debtor.                              )

## MEMORANDUM OPINION

This case came before the court on May 30, 2006, for a final hearing on two motions for relief from the automatic stay filed by Connie Myers and Martinsburg Lumber Company ("Martinsburg Lumber"). Ms. Myers and Martinsburg Lumber are creditors that seek to pierce the corporate veil of Charles Edwards Enterprises, Inc. (the "Debtor"), and pursue other State law causes of action in the Berkeley County West Virginia Circuit Court against the Debtor and non-debtor entities. Robert W. Trumble, the Chapter 7 trustee (the "Trustee"), objects to both motions.

For the reasons stated herein, the court will sustain the Trustee's objections.

## I. BACKGROUND[1]

Before it filed for bankruptcy, the Debtor was engaged in the residential building construction business. One of its customers was Ms. Myers. On December 21, 2004, Ms. Myers and the Debtor executed a construction contract whereby Ms. Myers promised to pay the Debtor $250,000 to construct a residential home in Martinsburg, West Virginia. Ms. Myers made a $25,000 down payment and agreed to pay additional sums when the Debtor completed various stages of construction. Throughout the parties

---

[1] The facts as set forth in the motions for relief of stay are not contested by the Trustee and are taken to be true by the court solely for the purpose of ruling on the motions to lift the automatic stay.

1

course of dealing, however, Ms. Myers advanced funds to the Debtor in advance of the contract's schedule of payments. As a result, when the Debtor filed for bankruptcy on October 14, 2004, Ms. Myers had made substantial payments to the Debtor for work that had not been performed. On April 24, 2006, Ms. Myers filed a proof of claim in the Debtor's bankruptcy for $250,000.

On April 7, 2005, the Debtor opened an account with Martinsburg Lumber. From April to September 2005, the Debtor made several purchases and was billed for those purchases. When pressed for payment, the Debtor implied that Martinsburg Lumber's invoices would be paid in full. At the time the Debtor filed bankruptcy, however, Martinsburg Lumber was not paid in full and the Debtor owed it $37,747. On May 5, 2006, Martinsburg Lumber filed a proof of claim in the Debtor's bankruptcy for that amount.

## II. DISCUSSION

Ms. Myers and Martinsburg Lumber seek relief from the automatic stay to pursue state law causes of action against the Debtor for, inter alia, false representations, actual fraud, and for piercing the corporate veil. The Trustee objects because the basis for lifting the stay recited by Ms. Myers and Martinsburg Lumber falls within the ambit of an exception to discharge cause of action that is not applicable to this case because it is a corporation, and corporations are not eligible to receive a Chapter 7 discharge. The Trustee also objects that veil piercing causes of action are property of the bankruptcy estate.

Corporations are not individuals entitled to receive a discharge under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 727(a)(1) ("The court shall grant the debtor a discharge unless – (1) the debtor is not an individual . . . ."); HR Rep. No. 595, 95th Cong., 1st Sess. 384-385 (1977); S. Rep. No. 909, 95th Cong, 2d Sess. 98099 (1978) (reporting that the law was changed to prevent corporations from obtaining a Chapter 7 discharge to avoid trafficking in corporate shells and bankrupt partnerships); *Friedman v. Commissioner*, 216 F.3d 537, 548 n.7 (6th Cir. 2000) ("New Manchester, as a corporate debtor, cannot obtain a "discharge" under the chapter 7 petition it filed with the Bankruptcy Court . . . ."); *NLRB v. Better Bldg. Supply Corp.*, 837 F.2d 377, 378-79 (9th Cir. 1988) (same). Accordingly, Ms. Myers and Martinsburg Lumber will not receive any benefit by proving causes of action in State court that may characterize the debts owed to them as being excepted from the discharge of an individual debtor. *See* 11 U.S.C. § 523(a).

2

Moreover, both Ms. Myers and Martinsburg Lumber have filed proofs of claim against the Debtor's bankruptcy estate. To date, those claims have not been objected to by the Trustee. Unless objected to, any filed proof of claim is prima facie evidence of its validity and amount. Fed. R. Bankr. P. 3001(f). Thus, Ms. Myers and Martinsburg Lumber may be able to successfully establish the amount of their claims against the Debtor's bankruptcy estate without the necessity of further litigation in State court.

Ms. Myers and Martinsburg Lumber also state that they seek relief from the automatic stay to pierce the corporate veil and bring an alter ego cause of action against the Debtor's principal, Charles W. Edwards, Jr. Alter ego theories, however, are the exclusive property of the bankruptcy estate and cannot be pursued by any party other than the Chapter 7 trustee in the absence of abandonment or the grant of derivative standing. *E.g.*, *Baillie Lumber Co., LP v. Thompson*, 413 F.3d 1293, 1295 (11th Cir. 2005) ("[W]e conclude that the alter ego action by the corporation against the principal is allowed under state law. Thus, the alter ego action here is property of the bankruptcy estate and is subject to an automatic stay."); *Cent. Vt. PSC v. Herbert*, 341 F.3d 186, 192 (2nd Cir. 2003) ("[T]he trustee is 'the proper person to assert claims . . . . against the debtor's alter ego or others who have misused the debtors property in some fashion,' . . . . As long as state law permits alter ego tort claims or similar actions, such actions are core proceedings because they 'relate[] to the property of the estate,' and 'bring[] property into the estate of the debtor,' particularly as a proceeding to 'recover fraudulent conveyances' . . . .") (citations omitted); *Steyr-Daimler-Puch of America Corp. v. Pappas*, 852 F.2d 132, 136 (4th Cir. 1988) (holding that a corporation has an equitable interest in assets of alter ego entity; consequently, the alter ego claim is property of the bankruptcy estate).

### III. CONCLUSION

The court will deny Ms. Myers's and Martinsburg Lumber's motions for relief from the automatic stay to pursue State court litigation against the Debtor because: (1) Ms. Myers and Martinsburg Lumber have both filed proofs of claim against the Debtor's bankruptcy estate; (2) corporations are not entitled to a Chapter 7 discharge; and (3) Ms. Myers's and Martinsburg Lumber's alter ego and veil piercing claims belong to the bankruptcy estate and cannot be pursued in the absence of the Trustee.

The court will enter a separate order pursuant to Fed. R. Bankr. P. 9021.